# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY MICHELLE WARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No.: 1:18-cv-01193-STA-jay |
| | ) | |
| v. | ) | |
| | ) | |
| **TENNESSEE HUMAN RIGHTS COMMISSION, JACKSON HOUSING AUTHORITY, MADISON PLACE APARTMENTS, AND MADISON REALTY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

On September 26, 2018, *pro se* plaintiff, Kimberly Michelle Ware, filed this Complaint against the Tennessee Human Rights Commission, Jackson Housing Authority, Madison Place Apartments, and Madison Realty (D.E. 1). In an order issued on October 25, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* (D.E. 10). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

1

(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to

comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

In Plaintiff's Complaint, which appears to be the beginning of a form document from the Circuit Court of Jackson, Tennessee that is not applicable in this Court, she writes in jumbled notes:

> Violations against [d]isabled individual also retaliation with Section 804(f)(2) and 804(f)(3) Title VIII of Civil Rights Act of 1968 as amended by Fair Housing Act of 1988 Section 504 of the Rehabilitation Act of 1973[.] Tennessee Human Rights Commission - party by investigating claims - which is retaliation Jackson Housing Authority breached concillation [sic] agreement Madison Place Apts. Retaliation from McMillian Towers Madison Realty [retaliation] w/ dangerous living condition.

(D.E. 1, PageID 1). The next, and only other page of Plaintiff's Complaint is barely legible and seems to be a copy of the Tennessee Human Rights Commission's annual report with other notes on legislation surrounding workplace discrimination, and various unidentifiable notes. Here, Plaintiff does not allege facts sufficient to satisfy the elements of a claim. Plaintiff's Complaint, besides the paragraph above, makes no mention of any of the factual allegations of a claim under any of the statutes she mentioned. Even given Plaintiff's *pro se* status, Plaintiff has not provided fair notice of what her claim is or the grounds on which it rests as required by the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555 n.3.

## **CONCLUSION**

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted this 29th day of March, 2019.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.   28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**