# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY MICHELLE WARE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01193-STA-jay |
| TENNESSEE HUMAN RIGHTS COMMISSION, JACKSON HOUSING AUTHORITY, MADISON PLACE APARTMENTS, and MADISON REALTY, | ) |
| Defendants. | ) |

_____

# ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
# ORDER DISMISSING COMPLAINT
# ORDER ON APPEAL ISSUES
_____

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 27) issued on March 29, 2019. The Magistrate Judge's Report constitutes the screening of the Complaint required by 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge noted that Plaintiff Kimberly Michelle Ware's Complaint, which she filed *pro se*, is a form document from the Circuit Court for Madison County, Tennessee. Based on his review of the Complaint, the Magistrate Judge found that Plaintiff made reference to Title VII of the Civil Rights of 1964 and the Fair Housing Act. However, Plaintiff offered no factual allegations to support any cause of action. The Magistrate Judge concluded that the Complaint failed to state a claim upon which relief could be granted and therefore recommended that the Court dismiss it.

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff had fourteen (14) days from the service of the report in which to

file objections to the Magistrate Judge's recommended conclusions and an additional three (3) days from service of the report under Federal Rule of Civil Procedure 6(d). *See* Fed. R. Civ. P. 6(d) (adding 3 days to a party's time to act when the party may or must act within a specified time after service and service is made by means of U.S. mail). Plaintiff's deadline to file objections to the Magistrate Judge's report then was April 15, 2019.[1] Plaintiff has not filed any objections to the report, and the time to do so has now passed. Under the circumstances, the Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Having reviewed the Magistrate Judge's Report and Recommendation and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. As such, Plaintiff's Pro Se Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This leaves two motions filed by Plaintiff prior to the Magistrate Judge issuing his Report: a Motion for Warrants (ECF No. 14) filed on December 10, 2018; and a Motion for an Appointment with the Judge (ECF No. 16) filed on December 26, 2018. The Court holds that these two Motions are now moot. The Court has concluded that the Pro Se Complaint is frivolous and fails to state any claim for relief under federal law. As such, Plaintiff's remaining Motions are **DENIED** as moot.

Finally, the Court must address whether Plaintiff should be allowed to appeal the dismissal of her Complaint *in forma pauperis*.[2] An appeal may not be taken *in forma pauperis* if the trial court

---

[1] According to the docket sheet, Plaintiff contacted the Clerk of Court on April 4, 2019, to notify the Clerk that she had misplaced her copy of the Magistrate Judge's Report. The Clerk placed a replacement copy in the mail to Plaintiff at her address of record on April 5, 2019. The Clerk correctly advised Plaintiff that the mailing of the replacement copy would have no effect on her deadline to submit timely objections. Even giving Plaintiff the benefit of additional time from the Clerk's mailing of the replacement copy of the Report and the 3 days provided under Rule 6(d), Plaintiff's objections were due by April 22, 2019, at the very latest.

[2] The Court notes that Plaintiff filed a Notice of Appeal (ECF No. 25) on March 25, 2019, four days before the Magistrate Judge issued his Report and Recommendation. The Court continues to have jurisdiction to reach the merits of the Complaint and to enter judgment, despite Plaintiff's

certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth

---

Notice of Appeal, because Plaintiff's appeal can only be described as the appeal of a non-appealable, non-final decision. *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 692 (6th Cir. 2018) ("[T]he district court retains jurisdiction over an action when an appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court . . . ."). At the time of Plaintiff's appeal, neither the Court nor the Magistrate Judge had issued any final, appealable rulings. In fact, the only order issued in Plaintiff's case prior to her Notice of Appeal was the Magistrate Judge's order directing Plaintiff to complete her in forma pauperis affidavit or pay the full civil filing fee (ECF No. 6), dated October 15, 2018. Therefore, the Court concludes that its exercise of jurisdiction is proper.

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge is adopted. Plaintiff's Pro Se Complaint is dismissed *sua sponte*.

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: April 24, 2019